IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:  AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No.  2:18-mn-2873-RMG |

**SHORT FORM COMPLAINT AND JURY DEMAND**

The Plaintiffs, named herein through Exhibit A, file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35.  This Short Form Complaint is being utilized, permitted and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court.  Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35.  Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

**Plaintiffs**

1. Plaintiffs, listed in attached Exhibit A, allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.

2. Plaintiffs allege the plaintiff-specific information, listed in Exhibit A.

**Defendants**

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| Defendant 1 | EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company |
| Defendant 2 | Dupont De Nemours Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 3 | Corteva, Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 4 | The Chemours Company, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 5 | The Chemours Company FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise |

**Jurisdiction and Venue**

4. Plaintiff alleges jurisdiction based on:

☒ Diversity

☐ Federal Question

☒ The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

☐ Other: _____.

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claim(s) could have overwise been brought pursuant to 28 U.S.C. § 1391.

### Plaintiff's Allegations of Exposure

6. Plaintiffs allege exposure to PFAS, as described in Exhibit A, as a result of:

    - Direct exposure to AFFF (i.e. use or handling of AFFF); and/or
    - Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or
    - Exposure to turnout gear ("TOG") containing PFAS.

The specific exposure alleged by each plaintiff is indicated in Exhibit A.

### Plaintiff's Alleged Injuries

7. Plaintiffs allege one more of the following personal injuries as described in Exhibit A:

    Kidney Cancer
    Testicular Cancer
    Thyroid Disease
    Ulcerative Colitis
    Liver Cancer
    Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

## **Causes of Action**

9. The specific causes of action Plaintiff(s) can adopt(s) and incorporate(s) by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff, listed in Exhibit A, adopts and alleges such Causes as indicated on Exhibit A:

   Count I – Defective Design
   Count II – Failure to Warn
   Count III – Negligence
   Count IV – Negligence Per Se
   Count V – Trespass and Battery
   Count VI – Strict Product Liability
   Count VII – Market Share Liability, Alternative Liability, Concert of Action, and Enterprise Liability
   Count VIII – Concealment, Misrepresentation, and Fraud
   Count IX – Conspiracy
   Count X – Wrongful Death
   Count XI – Loss of Consortium

   Other Causes of Action:
   Count XII – _____
   Count XIII – _____
   Count XIV – _____
   Count XV – _____
   Count XVI – _____
   Count XVII – _____
   Count XVIII – _____
   Count XIX – _____
   Count XX – _____
   Others
   _____
   _____
   _____

## **Jury Demand**

10. Plaintiffs demand a trial by jury as to all claims in this action.

4

Dated: September 10, 2025
       New York, New York

Respectfully submitted,

**NAPOLI SHKOLNIK**

By: */s/ Andrew W. Croner*
Andrew W. Croner, Esq.
Patrick J. Lanciotti, Esq.
Nicholas H. Mindicino, Esq.
James L. Simpson, Esq.
360 Lexington Avenue, Floor 11
New York, New York  10017
Tel. (212) 397-1000
acroner@napolilaw.com
planciotti@napolilaw.com
nmindicino@napolilaw.com
jsimpson@napolilaw.com

By: */s/ Coral M. Odiot*
Paul J. Napoli, Esq.
Coral M. Odiot, Esq.
Cristina M. Rodriguez, Esq.
Sean P. Murphy, Esq.
1302 Avenida Ponce de León
San Juan, Puerto Rico  00907
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
crodriguez@nsprlaw.com
smurphy@nsprlaw.com

*Counsel for Plaintiffs*